a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| LEE RONDELL JONES #54706-083, Plaintiff | CIVIL DOCKET NO. 1:21-CV-01329 SEC P |
| VERSUS | JUDGE DRELL |
| C O BOWIE ET AL, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Complaint (ECF No. 1) filed by *pro se* Plaintiff Lee Rondell Jones ("Jones"). Jones is a prisoner in the custody of the Federal Bureau of Prisons ("BOP") incarcerated at the Federal Correctional Institution in Bennetsville, South Carolina. Jones complains that he suffered a physical injury and the loss of personal property at the United States Penitentiary in Pollock, Louisiana ("USP-P").

Because Jones fails to state a § 1983 claim and his Complaint is untimely under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), these claims should be DENIED and DISMISSED WITH PREJUDICE.

I. **Background**

Jones alleges that, on August 28, 2019, he was injured when a locker in his cell fell off of the wall and hit his shoulder. ECF No. 1 at 3. Jones was transported to a hospital. Jones alleges that he suffered a sprained shoulder, chipped tooth, and knot on his forehead. *Id.* He claims that the locker was not securely attached.

1

Jones filed a Request for Administrative Remedy on October 9, 2019 alleging the denial of medical care. ECF No. 1-2 at 24. The Warden reviewed the medical records, finding that a CT scan and x-rays of Jones's spine, brain, shoulder, and foot were all negative, with the exception of a possible right shoulder sprain. ECF No. 1-2 at 10. The Warden noted that, upon his return to USP-P, Jones was prescribed Tylenol for pain. *Id.* Jones made a sick call on September 17, 2019 for pain, and he was advised to purchase ibuprofen from the commissary and to stretch daily. *Id.* The Warden asserted that, as of October 21, 2019, Jones had not purchased the pain reliever.[1]  *Id.*  On November 7, 2019, the Warden concluded Jones had not demonstrated that he was being denied care. *Id.*

Jones appealed the Warden's denial to the regional level in a BP-10 form. ECF No. 1-2 at 11. On December 3, 2019, the Regional Director denied the claim. ECF No. 1-2 at 23 (Appeal No. 993779-R1). Jones sought final review through the Central Office, but his appeal was rejected on February 26, 2020 because it was not submitted on proper forms and lacked necessary attachments. ECF No. 1-2 at 27, 30.

Jones also filed an Administrative Tort Claim pursuant to the Federal Tort Claims Act ("FTCA") on March 12, 2020, at which time Jones was housed at the Federal Correctional Institution in Welch, West Virginia. ECF No. 1-2 at 26. Jones was informed that he should receive a response to his claim by September 19, 2020. *Id.* Jones was advised that it was his responsibility to keep the Department of Justice ("DOJ") informed as to his current address. *Id.*

---

[1] Jones provided the Court with a receipt indicating that he purchased ibuprofen in the commissary on October 16, 2019. ECF No. 15-1 at 1.

In the Complaint, Jones does not indicate whether he ever received a denial from the DOJ, or whether he kept them apprised of his address changes. Therefore, Jones was ordered to amend his Complaint accordingly. ECF No. 17. Jones replied that he did not update his address, but that the denial would have been forwarded by the prior facility. ECF No. 18.

II. <u>Law and Analysis</u>

    A. <u>Jones's Complaint is subject to preliminary screening.</u>

As a prisoner seeking redress from an officer or employee of a governmental entity, Jones's Complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, Jones's Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of a complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

### B. Jones fails to state a claim under § 1983.

Jones's Complaint was filed on the form for civil rights suits under 42 U.S.C. § 1983. Thus, he presumably bases his claim on that statute. However, § 1983 provides a federal cause of action against persons acting under color of state law. Jones is suing federal officers. Section 1983 does not provide a cause of action against a federal officer acting under color of federal law. *See Doe v. United States*, 831 F.3d 309, 313 (5th Cir. 2016) ("Federal officials acting under color of federal law are not subject to suit under Section 1983. . . ."); *Roots v. Callahan*, 475 F.2d 751, 752, n.1 (5th Cir. 1973) ("It is settled that a suit will not lie under 42 U.S.C. § 1983 against a federal official acting under color of federal law."). Therefore, Jones fails to state a claim for relief under § 1983.

### C. Any potential claim under *Bivens* is prescribed.

In *Bivens*, the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by § 1983. *Bivens*, 403 U.S. 388 (1971). Because Jones is a federal prisoner suing federal officers, he may have intended to raise a *Bivens* claim. If he did, the claim is prescribed.

First, the Complaint does not provide the basis for Jones's constitutional claim. However, the administrative grievance forms attached to the Complaint show that Jones claimed he was denied adequate medical care from the date of injury through December 3, 2019. ECF No. 1-2.

Because there is no federal statute of limitations for claims brought pursuant to *Bivens*, federal courts borrow the forum state's general personal injury limitations period. *Brown v. Nationsbank Corp.*, 188 F.3d 579, 590 (5th Cir. 1999). In Louisiana, that period is one year. La. C.C. art. 3492. Therefore, Jones generally had until—at the latest—December 3, 2020 within which to file suit.

The statute of limitations is tolled while a prisoner exhausts his administrative remedies, as required under 42 U.S.C. § 1997e. *See Wright v. Hollingsworth*, 260 F.3d 357, 359 (5th Cir. 2001). Jones filed his administrative grievance on September 2, 2019. ECF No. 1-2 at 28. The appeal to the Central Office was rejected on February 26, 2020. Therefore, at best, Jones would be entitled to tolling of the prescriptive period through that date. With the benefit of tolling, Jones had one year from February 26, 2020 within which to file suit pursuant to *Bivens*. Jones did not file his federal Complaint until May 17, 2021. ECF No. 1.

Jones cannot show that he is entitled to equitable tolling. The party who invokes equitable tolling bears the burden of proof. *Wilson v. Sec'y, Dep't of Veterans Affairs*, 65 F.3d 402, 404 (5th Cir. 1995). Equitable tolling applies only in "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Courts grant requests for equitable tolling most frequently where "the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000); *see also Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002). Jones neither invokes nor establishes his entitlement to equitable tolling.

5

      **D.**    <u>The record is unclear whether Jones's FTCA claim is still pending.</u>

In his Complaint, Jones claims that the locker that fell on him should have been bolted to the wall. He also complains about lost property. Jones attaches to his Complaint evidence suggesting that he filed an Administrative Tort Claim under the FTCA on March 12, 2020. However, there is no indication of what claims were raised. ECF No. 1-2 at 26. Nonetheless, Jones alleges that he did not receive a notice of final denial. Therefore, it is unclear whether the agency is still considering the claim, what claims were raised, whether the claim was denied, and whether this Complaint is timely.

Additionally, the only proper defendant in an FTCA lawsuit is the United States. *See Esquivel-Solis v. United States*, 472 F. App'x 337, 340 (5th Cir. 2012) (per curiam) (citing 28 U.S.C. §§ 2671, 2679; *Galvin v. OSHA*, 860 F.2d 181, 183 (5th Cir. 1988)). And "an FTCA claim brought against a federal agency or employee rather than the United States shall be dismissed for want of jurisdiction." *Id.* (citations omitted); *see also Galvin*, 860 F.2d at 183 ("[A]n FTCA claim against a federal agency or employees as opposed to the United States itself must be dismissed for want of jurisdiction.").

However, the Court also has a "duty to construe pro se [filings] liberally so that a litigant will not suffer simply because he did not attend law school or find a suitable attorney." *United States v. Ayika*, 554 F. App'x 302, 308 (5th Cir. 2014) (per curiam). In light of this duty, this Court and others have added the United States as a defendant *sua sponte*. *See Blanc v. FCI Pollock*, 2019 WL 6250462, at *3 (W.D. La.

2019); *Whitley v. Sherrod*, 1:10-CV-01921, ECF No. 6; *Ennis v. Federal Bureau of Prisons*, 1:14-CV-170, ECF No. 9; *see also Valentine v. Veterans Affairs*, 2016 WL 4257444, at *2–3 (N.D. Tex. 2016); *Lewis v. Maye*, No. 13-3050, 2013 WL 1873252, at *3 (D. Kan. May 3, 2013) ("[T]he court liberally construes this pro se complaint by substituting the United States as the only defendant in plaintiff's FTCA claim."); *Dowdy v. Civil Air Patrol*, 5:04-CV-563-FL, 2006 WL 8438598, at *18 (E.D.N.C. Sept. 29, 2006) (sua sponte substituting the United States as the defendant).

## III. Conclusion

Because Jones fails to state a § 1983 claim, and his Complaint is untimely under *Bivens,* IT IS RECOMMENDED that these claims be DENIED and DISMISSED WITH PREJUDICE. To determine whether the Court has jurisdiction over the FTCA claim, the addition of the United States as a Defendant and service of process of the FTCA claim will be made pursuant to a separate Order.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and

7

Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Tuesday, September 28, 2021.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE