a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| LEE RONDELL JONES #54706-083, Plaintiff | CIVIL DOCKET NO. 1:21-CV-01329 SEC P |
| VERSUS | JUDGE DRELL |
| C O BOWIE ET AL, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

MEMORANDUM ORDER

Before the Court is a Complaint (ECF No. 1) filed by *pro se* Plaintiff Lee Rondell Jones ("Jones"). Jones is a prisoner in the custody of the Federal Bureau of Prisons ("BOP"), incarcerated at the Federal Correctional Institution in Bennetsville, South Carolina. Jones complains that he suffered a physical injury and the loss of personal property at the United States Penitentiary in Pollock, Louisiana ("USP-P").

Jones's claims under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), have been denied and dismissed. ECF Nos. 19, 20. To determine whether the Court has jurisdiction over Jones's claim under the Federal Tort Claims Act ("FTCA"), the Complaint will be served on the Government.

I. Background

Jones alleges that, on August 28, 2019, he was injured when a locker in his cell fell off of the wall and hit his shoulder. ECF No. 1 at 3. Jones claims that the locker

was not securely attached to the wall. Jones was transported to a hospital. He alleges that he suffered a sprained shoulder, a chipped tooth, and a knot on his forehead. *Id.*

Attached to Jones's Complaint is a document indicating that he filed an Administrative Tort Claim pursuant to the FTCA on March 12, 2020, while housed at the Federal Correctional Institution in Welch, West Virginia. ECF No. 1-2 at 26. However, there is no indication of what claims were raised or whether Jones received a final denial of his claim. Therefore, it is unclear whether the agency is still considering the claim, whether this Complaint is timely, what claims were raised, whether the claims were denied.

## II. Service of Process

Because the only proper defendant in an FTCA lawsuit is the United States,[1] and because the Court has a duty to construe *pro se* claims liberally,[2] IT IS HEREBY ORDERED that United States be substituted as the Defendant for Jones's FTCA claim.[3]

---

[1] *See Esquivel-Solis v. United States*, 472 F. App'x 337, 340 (5th Cir. 2012) (per curiam) (citing 28 U.S.C. §§ 2671, 2679; Galvin v. OSHA, 860 F.2d 181, 183 (5th Cir. 1988)).

[2] *United States v. Ayika*, 554 F. App'x 302, 308 (5th Cir. 2014) (per curiam).

[3] This Court and others have added the United States as a defendant *sua sponte*. *See Blanc v. FCI Pollock*, 2019 WL 6250462, at *3 (W.D. La. 2019); *Whitley v. Sherrod*, 1:10-CV-01921, ECF No. 6; *Ennis v. Federal Bureau of Prisons*, 1:14-CV-170, ECF No. 9; *see also Valentine v. Veterans Affairs*, 2016 WL 4257444, at *2–3 (N.D. Tex. 2016); *Lewis v. Maye*, No. 13-3050, 2013 WL 1873252, at *3 (D. Kan. May 3, 2013) ("[T]he court liberally construes this pro se complaint by substituting the United States as the only defendant in plaintiff's FTCA claim."); *Dowdy v. Civil Air Patrol*, 5:04-CV-563-FL, 2006 WL 8438598, at *18 (E.D.N.C. Sept. 29, 2006) (*sua sponte* substituting the United States as the defendant).

To determine whether the Court has jurisdiction over the FTCA claim, THE CLERK IS DIRECTED to prepare summonses for the Attorney General of the United States and the United States Attorney for the Western District of Louisiana, and:

a. to serve said summons, along with a copy of the Complaint (without exhibits) and this Memorandum Order on the ATTORNEY GENERAL OF THE UNITED STATES in Washington, D.C., via REGISTERED or CERTIFIED MAIL as provided by Rule 4(i) of the Federal Rules of Civil Procedure;

b. to serve said summons, along with a copy of the Complaint (without exhibits) and this Memorandum Order on the UNITED STATES ATTORNEY FOR THE WESTERN DISTRICT OF LOUISIANA via REGISTERED or CERTIFIED MAIL as provided by Rule 4(i) of the Federal Rules of Civil Procedure.

IT IS ORDERED that the Government file (1) an answer, or (2) a motion to dismiss within sixty (60) days after the date the waiver of service is executed, or sixty (60) days after service on the United States Attorney, whichever is later. If a motion to dismiss is filed, the Government may seek a stay of discovery or protective order if it believes that discovery will not assist the Court in resolving the motion (e.g., question of jurisdiction or absolute immunity or purely legal issue).

The parties shall have a period of sixty (60) days following the filing of an answer to complete all appropriate discovery.

Thereafter, and not before, if deemed appropriate, Plaintiff or Defendant may file a motion for summary judgment within thirty (30) days of the end of discovery, to include material and relevant affidavits, certified records, interrogatories and answers, admissions and depositions, if any, and a supporting memorandum brief. If, in violation of this Order, a motion for summary judgment or alternative motion

for summary judgment is filed before an answer is filed or before the time for discovery has elapsed, the motion for summary judgment will be summarily denied or stricken as in violation of this Order, and sanctions may be imposed.

Any party not filing a motion for summary judgment SHALL FILE a Statement of Issues within the same period, which shall enumerate each genuine issue of material fact perceived by that party which is relevant to this matter, or state that there are none. This statement will be used by the Court to determine the necessity for an evidentiary hearing.

All documentary exhibits accompanying the motion, including medical records MUST BE APPROPRIATELY NUMBERED. An INDEX shall also be submitted describing each item attached to the response and showing each item's page number.

Additionally, within twenty-one (21) days of Defendant's first appearance (filing of an answer or motion), or within thirty (30) days after service of the summons and complaint if Defendant has made no appearance, Defendant shall provide to Plaintiff all medical records, warden's unusual occurrence reports, and any other documents pertinent to the issues in this case, including medical records from any outside treatment providers. Fed. R. Civ. P. 26(a)(1). Defendant shall contemporaneously file an indexed copy of these documents under seal with the Court, together with a Notice of Compliance attesting to the fact that the requirements of this Order have been met.

If Plaintiff is not in receipt of these documents within the prescribed time period, Plaintiff may file a motion to compel such responses from Defendant. Any

such motion must contain a motion and memorandum in support and a proposed order, separately captioned and with a certificate of service stating that "a copy has been sent to Defendant by mailing same, via United States mail, to Defendant's counsel."

Any physician, medical facility, or other health care provider that has examined or administered treatment of any kind to Plaintiff relative to the complaint is ORDERED to release to any party herein, pursuant to any request of that party, and at that party's expense, any and all such medical records that it may possess.

IT IS FURTHER ORDERED that, as a condition to their acceptance by the Clerk, all future filings by Plaintiff or Defendant shall include a certificate indicating that a copy thereof has been furnished to the other parties, specifically stating the name and address of each party (or his attorney) to whom a copy of the pleading was sent.

A paper copy of any appeal or objections filed in this case SHALL be provided to the district judge (in addition to filing in CM/ECF).

SIGNED on Tuesday, October 19, 2021.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE